UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CAROL A. BUSLER, individually and As Administratrix of the Estate of George T. Busler, Deceased, | CASE NO. 1:23-CV-2111 |
| Plaintiff, | JUDGE CHRISTOPHER A. BOYKO |
| vs. | |
| PATRICK J. O'BLOCK, | DEFAULT JUDGMENT |
| Defendant | |
| and | |
| ERIE INSURANCE EXCHANGE, | |
| Intervenor | |
| v. | |
| BRIAN MCHENRY, et al. | |
| Third Party Defendants. | |

**CHRISTOPHER A. BOYKO, J.:**

　　This matter is before the Court on the Motion of Intervenor Erie Insurance Exchange ("Erie") for an entry of default judgment against Third Party Defendant Brian McHenry. (ECF #26.) Upon due consideration of the affidavits and the pleadings filed in this action, the Court **GRANTS** Intervenor's motion.

1

Erie intervened in this matter to interplead $300,000.00 in insurance policy proceeds triggered after a boating accident.  Erie identified potential claimants to the proceeds including third party defendant Brian McHenry.

Fed. R. Civ. P. 55 contemplates a two-step process in obtaining a default judgment against a defendant who has failed to plead or otherwise defend.  First, a plaintiff must request from the Clerk of Court an entry of default.  Fed. R. Civ. P. 55(a).  Erie made its request on September 18, 2024.  (ECF #24.)  If the claim is not for "a sum certain or a sum that can be made certain by computation," the party must apply to the Court for a default judgment.  Fed. R. Civ. P. 55(b).  Erie filed its motion on September 19, 2024.  (ECF #26.)

Default judgment may be entered against a defendant who fails to answer an interpleader complaint.  *Guardian Life Ins. Co. v. Rowe,* No. 1:17cv547, 2017 U.S. Dist. LEXIS 158835, 2017 WL 4286687, at *3 (N.D. Ohio Sept. 27, 2017) ("'A named interpleader defendant who fails to answer the interpleader complaint and assert a claim to the res forfeits any claim of entitlement that might have been asserted' if service was properly effected upon them.") (quoting *Sun Life Assur. Co. of Canada (U.S.) v. Conroy,* 431 F. Supp. 2d 220, 226 (D.R.I. 2006) (further citation omitted)); *Usable Life Co. v. Gann,* No. 1:09cv77, 2009 U.S. Dist. LEXIS 109861, 2009 WL 4348588, at *2 (E.D. Tenn. Nov. 24, 2009) (citation omitted).  By failing to answer or otherwise defend his stake in the funds at issue in the interpleader claim, the defaulting party forfeits his interest in the funds at issue in an interpleader action and his interest is terminated upon entry of a default judgment.  *Gann,* 2009 U.S. Dist. LEXIS 109861, 2009 WL 4348588, at *2 (citing *Conroy*, 431 F. Supp. 2d at 226).

McHenry has failed to answer or otherwise defend any stake in the interpleader funds. The other requirements for default judgment are also satisfied.  To start, there is no indication

that Defendant McHenry is serving in the military, that he is a minor or that he is incompetent. *Prudential Ins. Co. of Am. v. Amarante,* No. 18-CV-13618, 2019 U.S. Dist. LEXIS 52627, 2019 WL 1397247, at *2 (E.D. Mich. Mar. 28, 2019); see also Fed. R. Civ. P. 55.  Also, because the amount of the insurance benefit is undisputed, the Court does not need to conduct a further accounting.  *Amarante,* 2019 U.S. Dist. LEXIS 52627, 2019 WL 1397247, at *2 (citing Fed. R. Civ. P. 55(b)(2)(A)).

    Accordingly, default against McHenry is warranted.  By defaulting, McHenry has forfeited his right to pursue an interest in the policy proceeds.

    **IT IS SO ORDERED.**

    /s  Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated: November 14, 2024**